IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,617-01






EX PARTE RUDY GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-20940-B-1 IN THE 181ST DISTRICT COURT


FROM RANDALL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to fifty years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Gonzales v. State, No. 07-10-0310-CR (Tex. App. - Amarillo, May 10, 2011).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. Appellate counsel has filed
an affidavit in which she states that it was her usual practice to send clients a form letter with the
court of appeals' opinion within five days after the appellate court opinion was issued. In this case,
however, appellate counsel no longer has Applicant's file, having destroyed it when she retired from
the practice of law approximately six months after the opinion in this case was issued.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain copies of the mail logs from the Darrington Unit from the period between the issuance
of the appellate opinion on May 10, 2011 and July 27, 2011, when Applicant alleges that he received
notification from appellate counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 6, 2012

Do not publish